Case number 17-1151NL, Teachers College, Columbia University petitioner v. National Labor Relations Board. Mr. Frankel for the petitioner, Mr. Cassily for the respondent. Good morning. May it please the Court, my name is Matt Frankel. I'm here on behalf of the petitioner, Teachers College, Columbia University. In a nutshell, this case is about whether unions are entitled to audit employers' non-union employment records on demand based on nothing more than a conclusory assertion that the employer has breached a collective bargaining agreement. The case has gone on for about six years, and it involves a lot of facts and a long travel, but it boils down to one legal issue. Does the union actually have to provide evidence of an alleged breach of the collective bargaining agreement before it can get non-unit information? Wait a minute. You're not seriously suggesting the union is obliged to show evidence of a breach in order to get information? The evidence that the union... That overstates the board law, because they don't have to prove the merits in order to get discovered. We agree that the union does not have to prove the case. You overstated it, didn't you? I don't think I overstated it respectfully. I think that the Disneyland case, which is the controlling NLRB precedent here, states that the union must provide evidence, objective evidence, showing an arguable breach of contract. That's different from what you said earlier. You said a breach of contract. Now you're talking about an arguable breach of contract. You've described this several times as a discovery-type test. Do you think that proof of liability is required before a plaintiff in an ordinary case gets discovery? No, that's not our position. The union has to show some evidence. It's not a substantial showing. I agree with the court. It's a modest showing that would allow the union to argue that there has been a breach of the collective bargaining agreement. In this case, the union has only set forth suspicion of a breach. The union has set forth no evidence of any union work, work reserved to the union, under the collective bargaining agreement. If they saw somebody who they described as in the position of a secretary, isn't that enough? There's nothing in the record that suggests that a particular location or work location belongs to the union. And that's important in this case. That's the argument. That's the whole argument about whether it does or doesn't. The first sentence of Article I says, college recognizes Local 2110 as the exclusive bargaining unit for, and this agreement shall apply to all on-campus full-time and part-time secretarial employees. That's right. So if somebody is a secretary, isn't that enough? Enough at least to raise a, to get discovery? If someone is a secretary, yes, but I would argue that there is no record evidence that someone is in fact a secretary. In other words, they're talking about particular locations in the workplace, like a desk. It is clear that all secretaries are represented by the union, wherever they are. The contract is written in such a way that certain titles, such as secretary and the other titles enumerated in the first clause, are represented by the union. But it's not a contract that defines the union by the work performed. It's a contract that defines the union by the titles, the classifications. How do you know that? How do you know that? It just says full-time secretarial employees. It doesn't say people who have the title of secretary. That, well, that has long been the way that arbitrators that have interpreted this agreement over many years have viewed it. You mean to say that when arbitrators have this issue, they don't look to the duties associated with the title? That's not, that can't be correct. In a case like that, the union would have to show that the work at issue was exclusively and historically belonged to a union position. And so what you have here in. . . Right, without regard to the title. Well, the union would have to show. . . The argument about title doesn't make any sense at all. We're talking about work. But the union. . . So if you label someone an X and say that's an X position, and this person is doing nothing but traditional secretarial work, you would succeed in arbitration by saying that's an X. Well, no. Is that right? Of course not. No. You're going to lose pretty quickly, right? What we have here is a number of positions in which there's work-study positions and other administrative positions that are outside of the union definitionally that also prefer some of the same type of work. You're trying to ride too hard on title. I'm sorry? You're trying to ride too hard on just the mere reference to a title of a job. That doesn't make any sense whatsoever. Ultimately. . . That's not the way these cases ever get decided. And besides, they pointed to web listings and said the duties that you put on your web listings are clearly duties that are within the compass of our bargaining unit work. With respect to those web listings, for example, and they did put. . . So you're familiar with the chart in which they list 34 positions on the left side and on the right side report to say what the basis of the belief that this is union work is. Your Honor points out that all they say is go look at the job posting. They don't actually describe the work that they contend is theirs. In this case. . . Wait a minute. That just can't be your argument. Yes, go look at the web listing. And you did not say, as far as I can tell on the record, yeah, we looked at the web listing and there's nothing there to support them. But we believe it's the union's burden. They did. They said go look at the web listing, which you put up. It's uncontested there is a web listing. It's uncontested that there are duties associated with the title, and they say that makes our case and you don't dispute it. Well. . . That puts you in a pretty bad position. Don't dispute it. Respectfully, they never identify which duties they claim are theirs. In our view, in this case,  I think you're making the argument that it's secretarial duties and they are listed, they're on this web listing. Now, if I'm counsel on the other side, I'm going to say, no, here's the web listing. There are no such titles. There are no such duties. They're wrong. It's a fabrication. And your failure to contest it is damning. Well. . . Respectfully. . . With a discovery. . . The burden of proof is merely a discovery test. I mean, what more do they need to say? Well, the Disneyland Park case, I think, is the controlling standard. That case requires the union to come forth with some evidence that shows a breach. Are you going to go back, shows a breach, or are you going to go with the arguable breach? I'm sorry. The standard is an arguable breach of contract. And, again, here, simply saying we think there are union job duties listed in a job posting, period. End of story. Did they say we think or there are? Well, they say we think. I mean, they think. They do not point out what they think are those duties. I am really confused about this professional designation. Professionals are excluded from bargaining units unless there's a vote-style election. What are these? And they're called part-time professionals. What are they? Part-time professionals? Yeah. In your operation, what are they? They are professionals that do administrative work. What do you mean by professionals? I believe that means that they have some sort of advanced degree or at least a four-year degree, but I'm actually not certain exactly how to selineate it. Is this professional within the meaning of the National Labor Relations Act, or is this a term professional not the meaning of the National Labor Relations Act? I don't believe it's connected to a definition in the Act. Let's say they're not real professionals. Well, I think it means that they have an advanced degree and perform professional work as opposed to— That is simply a designation from the contract. That is not a legal term. I believe that's correct. Well, that's why I was confused. The further point that we would make, we argue that we not only objected to the information request because the union had not come forth with any—never actually identified any job duties it claims were its own, but objected to each of the 34 job descriptions and each of the— You don't think they think that the job duty of secretary is their own? No. If it's a secretary, they do think it's their own. Okay, so several of these are listed as secretary, right? Well, they've—again, they've attached labels to these jobs that do not have— that they've not shown are actually the correct jobs. Well, that's up to you. I mean, all it has to do is present enough to get discovery. Their position is they've done surveys. They have their people walking around. They've talked. This is in the letter that they sent to you. Conversations with members in those departments, an analysis of other information. They say the union didn't have complete access to information, and therefore they make the information request. They don't actually have to prove this person is a secretary. All they have to do is have reason to believe it's a secretary, right? She or he is a secretary, not it's. Right. They would have to have an arguable case based on facts that that person is a secretary. That's right. May I turn to your chart? Certainly. Which are the issues—let's assume you're correct and the government's wrong in asserting that you did make a claim that individual, even at some, demands were okay. Others were not with respect to individual. Which are the ones that you think are your strongest cases? Certainly the ones where it says just on their own, job postings list unit duties. Let me show you. Which one is that? Processing central coordination. Yes. Are you looking at the version that's in my brief, in our principal brief? No, I'm asking you to look at the actual chart. I'm looking at the chart, too. Right, which we reprinted in the brief. So, for example, the fourth one down, processing center coordinator, which, again, they've put labels on these jobs. These are not—there's no facts in the record station that these are the actual names of these jobs. All right, let's just identify the ones that are strong. Right. So the first one that we think is obviously just a conclusory assertion here, that there's some sort of union work at issue, is job posting list unit duties. That's all it says. What does that mean, job posting list unit duties? Well, your guess is as good as mine. What I think it means— Did you look? Did you— You know, I'm just incredulous. They are asserting there is a job posting which lists duties, and we all know that certain duties would be within the compass of unit work, certain would not. And you're saying, well, because they didn't add more to this, they failed. And I'm saying that doesn't make a lot of sense. They told you where to go. It's your posting. You're not disputing it's your posting, and you're not disputing that duties are listed on that posting. So you're just saying, well, maybe if they had put more, they could have won. You're not saying they're wrong. Well, no. I mean, I think we would dispute it, but we don't know what they're actually arguing are the job duties that they say are exclusively union duties. Well, if you went and said— What are the unit duties for that processing center coordinator? We would—well, again, it's unclear what job they're talking about. I mean, this ultimately goes down to the— Job posting. —extremely conclusory showing by the union in this case. Wait, you know what job they're talking about if it's your posting. No. Processing center coordinator, we don't know— It's not necessarily clear from this record that any of these positions that they've named, what the position actually is. Can I ask you, did you, in your papers below, did you mention this particular— I know you say you asked particular, but did you say, well, this one, the processing center coordinator in the admission department, that's not enough to look only at the job posting. Did you say that about that particular one? With that—no, we argued that the union did not— again, the burden is on the union to show relevance, and we argued that the union did not show relevance with respect to each particular job listed on the left. Well, when you say that, if we think that the secretary one is enough, then your statement alone that they didn't prove it for all of them isn't good enough. You need to tell us why, and you needed to tell the NLRB why, processing center coordinator admissions wasn't good enough. You didn't do that, did you? Well, again— I still am trying to figure out what the term job posting list unit duties— what does your job posting list as unit duties? He doesn't want to tell us. I mean, you keep saying didn't look. Do you know what your unit— Do you even know? Did you go look? Well, I did not look at this case at this level. I'm handing the appeal, so at the time that this request was made, which is, by the way, when we're looking at— Yes, I know, but everybody on your company knew what the job posting list of unit duties was. Well, the argument from our side is that there are no unit duties per se. In other words, there are people who are work-study students who are express excluded from the unit, and more than just that, professionals, et cetera. Are you saying that your people are excluded from the unit because of their title? Regardless of what work they're performing? Yes. Is that what you're saying? Yes. Holy moly. You've really gone uphill on that. The title alone— If the title is processing center coordinator, and the job posting says you are to do only secretarial duties, your position is that's not a unit posting? No. I mean, if there's an obvious attempt to avoid having the person be in the unit by assigning a fake job title to them and then having them— Right. —then clearly that would not be appropriate. The point here is that the union never made any showing about any of this, not even a modest one. Suppose the person is doing half of what even you would concede is union work. So they've begun to leave union work over to this new position, not in a title that you would otherwise be prepared to concede anything about. But there's no doubt that that person is now doing at least half of his job as union work. Well, that would be a decision for an arbitrator. I mean, that would be a factual case— And they would be entitled to discovery on that, right? Right. I agree. Nothing in this record suggests that the union made any kind of even modest showing in that direction. Well, again, we're quibbling over who should know what about your client's job listings. We're arguing over what— If your client has job listing and the union is saying they want to save paper because if you put everything that's on every job listing, it's more— They're saying this job is listed. You listed it, and the duties listed with the job are our work. I think because of the way this contract is written, it concludes your assertion that it's our work is not enough. They have to do more than that and explain what work, what work is yours. Well, then I am getting to the merits of the case rather than the discovery. In order to ask the question what work is mine, I have to know what work is being performed, if it's closely associated. Isn't that correct? Correct. So isn't that what the union is asking for? The union is supposed to, at this stage, at least put forth some evidence of some person actually doing job duties that they claim that they are. So that requires them telling us what job duties they say are theirs and then actually coming forth with some evidence showing that someone is doing those job duties, saying that a secretary used to sit at this desk, has retired, and now someone else is sitting at that desk doesn't tell us anything about— in order to even present a prima facie case that that person should be in the union. I know what your initial position was that he was job title rather than job duties. This contract defines it by job title. And so in order for the union, in the context of this contract, to make a modest showing that the job duties belong to it exclusively, they need to identify the job duties and identify some objective facts showing that someone is doing those job duties. This record does not contain any of those things. And with respect to your question, Judge Garland— What about this Secretary of Arts and Humanities, part-time non-unit secretary alongside FT unit position? That states that we think there's a non-unit secretary. Why would there be a non-unit secretary? I'm puzzled. Well, if it's truly a secretary, then it should not be a non-unit secretary. But the point is this doesn't tell us anything. In the cases where a union has made a modest showing that allows it to get non-unit job information— and by the way, this is a wide range of employment information for 34 non-unit positions. They want schedules and pay and all sorts of— they want to audit 34 non-unit positions that are employed by Teachers College. In all of the other cases, the NLRB's cases, again, Disneyland Park is a controlling standard here. The union has come forth with some affidavit, some documentation, something that says there is a breach going on here, or there may be a breach going on here, there's an arguable breach going on here. The union here just had its lawyer put together this chart, and that was it. Okay. Tell me what cases you think are strongest for the union. Absolutely. Disneyland Park is the— No, for the union. Oh, for the union. Yes, because if you want us to— if you think we should legitimately look at it with respect to each separate request, all 34, which are the ones you think are strongest for the union? Oh, I see. Which instances on this list? Yes. Well, I mean, I suppose if there were some that were stronger for the union, it would be situations in which you have a clear indication that there are some— where it actually talks about job tasks, like bookkeeping clerk, or some sort of indication of what tasks that person is performing that the union thinks are exclusively theirs. Okay. Interim bookkeeping clerk. Formerly three full-time and one part-time unit positions. Now only one full-time, two part-time, non-unit interim bookkeeping clerk hire. So that's enough. It's a difficult question. I'm not suggesting that's enough. It's a difficult question because you're asking me to argue against our position. Right. It's a better case. It's a slightly better case because there's some explanation of the nature of the duties. In other words, bookkeeping clerk. But the bottom—you know, in other words, if the union is saying bookkeeping is our thing, and I'm not suggesting the union is correct in that, but they haven't made a showing that that is true. Not even a modicum of one. They're just asserting it. We think that this work belongs to us. We think that here are the positions that are doing work that belongs to us, and you should turn over all the information for these positions without us having to do anything else. If there's going to be any evidentiary standard for a union to get non-unit information, this case does not meet a standard. It's basically the union just saying so. And we don't think that the Disneyland Park case, which is, as far as we can tell, is the controlling precedent that NLRB does not argue otherwise, that case is very close to this case. In that case, it was a question of whether Disneyland was subcontracting work in violation of its collective bargaining agreement. But the collective bargaining agreement permitted the subcontracting, just like this collective bargaining agreement permits us to hire people who are not in the unit, but who might do some clerical task as part of their job. So the point about Disneyland was that the board decided that Disneyland was correct about the meaning of the contract, and therefore the items that were being requested were outside. That's not clear here. No one's made this decision yet about whether these are inside or outside. I don't see actually how Disneyland helps you. That's a case where the underlying legal issue is already decided, and so there was no relevance to asking for this subcontracted work. In this case, I don't know, my own reading of the contract is you're wrong. Now, you're not asking me to read the contract for purposes. I'd be happy to read it and announce that in the opinion, but we don't have to do that for this. All we need to do is decide whether they have a reasonable reading of the contract and therefore reasonable request for the information. Do you disagree with a reading of the contract? With their reading of the contract? Well, I mean, I don't think that they've actually explicated in this record how they read the contract to result in exclusive work for them. In other words, this record is devoid of a basic explanation. Let's assume it's confusing as to what the contract means, what work is theirs and what is not work. Doesn't that strongly support their discovery then? No, I think that they would have to explain. No, they don't have to win the contract claim. I'm sorry? They don't have to win the contract claim to get discovery. No, but I think they would have to explain, articulate a theory under the contract that says work is exclusively theirs and then provide evidence that it's being done by someone outside the union. Again, this is just a chart that says these things, but there's not even a modicum of evidentiary showing that this stuff is going on, other than they're safe. Can I ask you, you're disputing whether Article 22 applies, is that right? Article 22 is, let me. It says, except in emergencies, any work connected with a job performed by a full-time or part-time employee as defined herein shall be performed by an employee within the bargaining unit only. Right, and I'm familiar with that provision. It's in the section dealing with just part-time employees. That has never been interpreted as a work preservation clause as such. So what if it hasn't been interpreted? That's now up for grabs, I guess. It hasn't been interpreted as not being one, has it? No. I mean, there's been a number of arbitrations over the years dealing with whether or not that, whether work was, excuse me, whether someone has been left out of the union or has been doing that type of work and should be a unit member or not. In other words, sort of a side argument. It says any work connected with a job. Right, and that's broad language. I understand that. But the point here is that because of the contract language is ambiguous, it was incumbent upon the union to explain a theory and to provide facts to support it. They don't have to prove the case. They just have to say, here's what we think is our work, and here are the facts that someone out there is doing work that we think is ours. I don't think the record has that in it. And without that, they can't. Do you think discovery requires that kind of articulation of the theory? I think that's what Disneyland Park says, and that's what the courts have. Oh, I'm not sure about that. Well, the ‑‑ Can I ask you, you said that they've never explained this. What about the September 10th letter? Doesn't that explain our theory? Except under specific circumstances, the contract forbids such transits of work, regardless of the particular designation. I read that letter closely again last night in prep for this. And, again, I'm not seeing in that letter any description of what work they claim. At base, that was always absent in this case, and it's absent from the record. What are the duties that the union claims are exclusively theirs? It looks to me like I'm just reading down the list. Wait a minute. Suppose it's confusing. Let's assume you're right. Let's suppose the contract is confusing as to what work belongs to the union and what work does not. Doesn't that make their claim more relevant? No. Under that circumstance, it's sort of ‑‑ I mean, I think of it, because I do a lot of litigation, I think of it as like rule 8 pleading. In other words, you need to set forth a plausible claim that the contract is being breached. And without identifying the work that you are saying is being transferred to the other side or to nonunit members, you can't state a plausible claim. And you certainly haven't come up with any evidence. If you're a litigator, why do you regard it as rule 8 when we describe it as a discovery type rule? I'm sorry. Rule 26. And that does not require what you just said. I understand. Rule 8 requires ‑‑ that's the pleading standard. That's Iqbal and Twombly and plausible. Yes, but that's not this case. This is a discovery standard. Right. But in order to get discovery, to open the door to discovery, you need to allege a plausible claim. Have we ever made this analogy to Twombly and Iqbal? Well, I think the cases talk about a civil litigation discovery standard. And I guess by analogy, in order to get civil discovery, you need to state a plausible claim. In this context, you not only need to state a plausible claim, but you need to have some evidentiary showing. Modest. We're not asking for a lot. But this record has none. There are no affidavits. They say that they canvassed and talked to people. There is no identification of who did that or what they observed. Wait a minute. What do you mean affidavits? They don't need affidavits. They can deal with hearsay. The cases have concluded that. Well, there's some indication that in certain cases hearsay is sufficient. But the cases that deal with this kind of situation where you have an unlawful subcontracting or siphoning away of work, there's always specifically identified individuals who have seen or can say that they saw things that violated the contract. And there's documentary evidence or affidavits or letters or other things that support the conclusory assertion that the contract is being breached. Suppose we conclude it's confusing as to what is the bargaining unit work. Then it was incumbent upon the union to explain what they say the work was and why they think someone outside the unit was doing it. Suppose they said the job posting lists the unit duties. Is that enough? No, we would think that's not enough. Why? Because it doesn't explain what duties in that job posting. It says job posting lists the unit duties. Right. And you don't contest it at all. I don't know how. I mean, that's the part you lost me there. That was five minutes ago. I understand. I have no idea. I can't fathom your argument when they say, at least with respect to this, there are your job postings, the work that we're concerned about is listed in the job duties or those postings, and you don't respond. You've never responded to the board. You've never contested that there were either job postings or that they had duties or that those duties didn't belong to the union. I don't know what more the union has to say other than to quote every single job posting, all the words therein. I don't see why they have to do that. It's our position, Your Honor, that in a case in which the unit is requesting non-unit information, it's incumbent upon them to carry their burden of explaining to us what unit duties are listed in those job postings. Wait, wait, what was the beginning of your point? What did you first say? In a case in which what? In which the unit is requesting non-unit information. The burden is on the union. You're talking about the scope of the information that they're seeking? I'm talking about in order for a union to obtain non-unit, non-union information for employees that are not in the union. But you're saying this is respect to unit duties. This is bargaining unit work, they're saying. You've agreed siphoning off is something they can go after. No, well, with respect, I think this case is about this information is not presumptively relevant. I think that is conceded and not in dispute in the sense that this is information requests pertaining to non-unit employees. And so it's the union's burden to establish at least an arguable breach of contract based on evidence. Yeah, non-union employees doing unit work. That's the argument. And we want to be able to show that because if we can, we win. And so on a discovery standard, that's what they would get and win if they're correct. That's the assertion. But in our view, in these cases, including Disneyland Park, they have to do more than assert that to be the case. They have to come up with some showing that establishes an arguable breach of contract. That would be enough to say we have a real live dispute here. And they've never come up with any evidence along those lines. And just, you asked this question a long time ago, and I did try to answer it. The exceptions that we presented to the board said that the union failed to carry the burden I just described with respect to each job category and with respect to each of the categories information sought for each job category. I understand, but you didn't, just to clarify the record, you didn't pick any particular ones and say you didn't satisfy as to that one. Your position was everyone. Right. Certainly, that's our primary argument is everyone was not sufficiently supported. But in the exceptions and in the brief, we did make an argument that with respect to each such job category and each category of information for each such job, the union had not. But you didn't discuss as to any particular one why something was missing. That's all I'm asking. In the exceptions brief, we did not get down to that granular level of detail in making the argument. That's correct. All right. Thank you. Thank you, and may it please the Court. I'm David Casually representing the National Labor Relations Board. I'd like to start just by briefly mentioning that the Board has a very different view of Disneyland Park than Teachers College has. Under our view, as Judge Garland mentioned earlier, Disneyland Park was about, there are two prongs of an information request about non-unit employees about determining whether it's relevant or not. The union has to provide objective facts underlying its grievance. Then it also has to provide a sound arguable basis that this grievance, no matter what facts are produced, would be a violation of the contract. It's that second part that was missing in Disneyland Park. It wasn't, the Board there did not say that the union hadn't provided enough facts to fit its sort of legal theory. It just said that theory is not viable, and so it doesn't matter what facts are out there. But here what we have, we have an arbitrator's decision that says that this is an arbitrable grievance that the union has brought. And indeed, the arbitrator's decision explicitly states that the union has brought a claim for a transfer of unit work to non-unit employees and that that's a recognizable claim under the contract. So the Board didn't need to evaluate that. It's just not an issue that was reached in this case. So the only issue really was whether the union had met the discovery type standard. There was no sort of pleading issue as to whether, if it had met that standard, whether any of that information would be relevant to its grievance. We already know from the arbitrator's decision that it was. May I ask you a question concerning each section, each provision, each claim? Assuming, arguendo, we disagreed with you, that Appellant's position was not a new argument, but that he did legitimately focus on some of the claims being less meritorious than others. Haven't you waived any response to that by not responding, not by saying, you don't say that every single one of these is relevant to you? Well, Your Honor, it's true that the Board did not explicitly go through each category of information and each position to say this piece is relevant, you know, the name of this position is relevant for this reason. That said, the burden here isn't on – to meet their burden, what they had to bring to the Board and to this Court is not only – Wait a minute. The burden's on the union, isn't it? The burden's on the union to show relevance. But once the union has explicitly, as it did in its September 10th letter, said each of these categories of – the union said each of these categories of information is relevant for this reason, and it gave a series of reasons accordingly. So, for instance, for names, it said that at the hearing, if this goes to an arbitration hearing or to gather evidence, often employees don't know the position names, and if you're asking unit employees, well, what does this position do, they won't know who you're talking about. So you need to know the name of the person who's actually doing the work to be able to gather information relevant to the grievance in the first place. That's just one example of what the union explained in its September 10th letter. There was no substantive response from the college to any of those things. All the college said was, okay, we're not discussing that. They didn't explicitly say that, but they didn't discuss it. And then they said, you haven't listed the job duties, so this is not relevant and we're not going to give it to you. And so for this court to then say, okay, we're overturning the board's finding because finding of relevance, which, you know, the board made a broad finding of relevance in saying the colleges raised some argument about each specific thing, say names, for instance, about how names are irrelevant. The standard the college had to meet was to bring something to the union that would refute what they said. And there's nothing there that this court could rely on to do that. All it is is just this job duties argument. And so it's really difficult to see how that opinion would work out, Your Honor, I guess is the answer to that question. Actually, I thought it was a job title argument that they were making, not a job duties argument. It's a related argument. I mean, yes, Your Honor. Well, that's a crucial distinction because I don't know where they get the job title notion and they concede that if you call a job X and it's all about union duties, they should lose. So the job title argument makes no sense. Yes, Your Honor. In response to the chart, they did say that, you know, these aren't official job titles. But the way the arbitrators looked at this grievance is, you know, this is about a transfer of unit work, and the unit description doesn't talk about job titles. It talks about the unit work. And so the relationship of job duties there is related to the title issue. If you would, you know, Teachers College's argument to the union was we have a unit of job titles. Those job titles are in the unit. There's nothing in there about the work those job titles do. The union's response was no, the unit description is descriptive. It says there's nobody whose title is photocopying. For instance, it's just a description of the types of duties that go in the unit. We're not going to delineate for you specifically all of the exact duties that we think are unit duties. So, I mean, they are related to some extent, the issue of titles versus duties in that regard. Could there be any issue over the scope of their request? In terms of what do you mean by the scope, Your Honor? If the union is clearly overreaching in what it's requesting. But if you mean in terms of time period, there was no argument presented to the board about that. We not only want to know what that person, we want to confirm the name of that person who is performing the union duties. We want to know where she or he lives, what vacation they take, et cetera. Well, Your Honor, that goes back to Judge Silverman's question earlier, which was of those kinds of categories, were any of them, did they bring any arguments that any of them were more relevant than others? And they could have brought that kind of argument if the union had asked for, say, home addresses or something like that. But the union didn't and the college didn't. The college didn't say, you know, this piece of information is less relevant than that piece of information that you've requested. All they said was none of these are relevant. You haven't established the relevance of each of them, full stop. What were the things they asked for? They seem like a pretty limited list. Is that wrong? They asked for names, job duties, rate of pay, and department, job title. There may have been one more, but it was very similar to the same exact, almost exactly what was requested in New York Presbyterian. I think department wasn't requested in that case. I have probably an ignorant question. This goes to the question of who bears the burden here, what's presumption and what's not. And the board's general rule that if you're asking for information about non-unit presumption, you don't get the presumption. If you're asking about unit, you do get the presumption. No, actually the presumption is the other way. If it's non-unit, the presumption is it's not relevant. Yeah, that's what I mean. Okay. Your opponent says that this went along on the assumption these were requests for non-unit. Is that right? Yes, Your Honor. But isn't the union's ultimate view here that these are within the unit? They've just put a different title on it or something like that so it wouldn't be. What makes it non-unit or unit for purposes of the presumption when the union's argument is that these are really unit? So, Your Honor, that's not the union's argument anymore. That was the union's argument. The union's argument is that these people are doing unit work. So if the union wins the grievance, the arbitrator's order is to restore the work to the union. It's not to restore those unit positions. So, in other words, those people doing the work right now, if the union wins, they don't become unit employees automatically. Their work gets transferred back to the unit. They could have made the other argument, I guess. They could have made, yes. And they did. Initially they made both arguments to the arbitrator. They said this is about the scope and about the work at issue. And there is a great deal of overlap between those two issues in terms of what kinds of information the unit would be requesting. So, yeah, we concede that this is not presumptively relevant. But, you know, the union's burden of showing relevance is a minimal discovery type burden, and we think they amply met it here. Any questions? All right. Thank you, Your Honor. I think you went over about 21 minutes. Not your fault, but he left you 12 seconds, so we'll give you a minute. Thank you. Very quickly. I just, because Disneyland Park is the controlling authority here, and it seems like my brother counsel agrees, just very quickly. Well, when you say they agree, his position is that it doesn't help. I understand. Distinguishable. I understand. But just very quickly. The majority in Disneyland said that we simply conclude that the union must claim that a specific provision of the contract is being breached and must set forth at least some facts to support that claim. And the dissenting opinion, Member Liebman said, that the standard should be that the union need only cite facts that prompt its concern that the agreement was being violated. So I think what we have here is that concern. It's a very meta argument. It's very difficult in the real world to tell the difference between these two things. And I understand the point, but I think we learned in the last case that we're not supposed to pay attention to dissents. So there you go. Simply as a counterpoint. And last written by Judge Silverman. Simply as a counterpoint. Thank you, Your Honors. Okay. Can we take a brief break and then we'll pick up the last case? Stand free.
judges: Garland, Edwards, Silberman